IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-24-00305-JD |
| ) | |
| DEWAYNE JONES-LUSK and ) | |
| JIMMY ROGERS GATEWOOD, JR., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court are the Motion to Dismiss Indictment Pursuant to the Speedy Trial Act (18 U.S.C. § 3162(a)(1)) filed by Defendant DeWayne Jones-Lusk and the Motion to Dismiss Indictment with Prejudice filed by Defendant Jimmy Rogers Gatewood, Jr. ("Motions"). [Doc. Nos. 18, 19]. The Motions request that the Court dismiss the Indictment filed on August 7, 2024, as to both defendants, with prejudice to refiling. The government responded to both motions conceding violations of the Speedy Trial Act but requesting dismissal without prejudice. [Doc. Nos. 23, 24].

For the reasons discussed below, the Court grants the Motions to the extent that they request dismissal but denies the Motions to the extent that they request dismissal with prejudice. Consequently, the Court dismisses the Indictment without prejudice.

**BACKGROUND**

Jones-Lusk and Gatewood were arrested on May 14, 2024, pursuant to federal arrest warrants issued that same day. [Doc. Nos. 2, 14, 16]. The next day, both defendants made their initial appearances before U.S. Magistrate Judge Amanda Maxfield Green.

[Doc. No. 5]. At his detention hearing, the government withdrew its motion for Gatewood's detention, and he was released on bond and conditions. [Doc. No. 10]. Judge Green also released Jones-Lusk on bond and conditions. [Doc. No. 12].

On August 7, 2024, 85 days after their arrest, Jones-Lusk and Gatewood were charged in a two-count Indictment. [Doc. No. 17]. Jones-Lusk was charged with unlawful possession of a machinegun (Count 1) in violation of 18 U.S.C. § 922(o). *Id.* at 1–2. The Indictment alleges that Jones-Lusk knowingly possessed a Glock, model 19Gen5, 9mm caliber semi-automatic pistol, which was modified with a machinegun conversion device designed and intended to convert a weapon into a machinegun. *Id.* at 1. The grand jury charged Gatewood (Count 2) with violating 18 U.S.C. § 922(g)(1) by knowingly possessing firearms as a felon. *Id.* at 2. The Indictment alleges that Gatewood, with knowledge that he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed two firearms. *Id.*

Both defendants filed motions to dismiss the Indictment with prejudice under the Speedy Trial Act, arguing that the Act requires dismissal of the case with prejudice given the length of the delay, the fact that the defendants were charged with "low-level" or "not complex" offenses, and the prejudice to the defendants if the government is permitted to reprosecute the case. [Doc. No. 18 at 3; Doc. No. 19 at 4]. In its responses, the government conceded that the 85-day delay requires dismissal under the Act, but it argued that dismissal without prejudice is appropriate given the seriousness of the offense, the fact that an isolated "clerical error" caused the government's delay, and the public's interest in the prosecution of the case. [Doc. Nos. 23 and 24 at 2, 4–6].

## DISCUSSION

Under the Speedy Trial Act of 1974, "If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit . . . , such charge against that individual contained in such complaint shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1). As relevant here, the Act requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." *Id.* § 3161(b). The government concedes that it violated this time limit by filing the Indictment 85 days after the defendants' arrest. Thus, under the Act, the Court must dismiss the charges against the defendants. *Id.* § 3162(a)(1) (stating that charges "*shall* be dismissed" if an indictment is filed after the time limit expires (emphasis added)).

Although dismissal is mandatory under the Act, the statute gives courts discretion to determine whether to dismiss with or without prejudice. When making this determination, the Act requires courts to "consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Id.* The Court will consider each of these statutory factors in turn.

The first factor is the seriousness of the offense. "If the court determines the offense committed by the defendant is serious, this factor weighs in favor of dismissing

3

without prejudice." *United States v. Saltzman*, 984 F.2d 1087, 1092–93 (10th Cir. 1993). The Indictment charged Jones-Lusk with unlawful possession of a machinegun and Gatewood with being a felon in possession of firearms. Jones-Lusk argues that the unlawful possession of a machinegun charge "is a low-level, Class D felony offense," thus favoring a dismissal with prejudice [Doc. No. 18 ¶ 8]. However, the Tenth Circuit has recognized in other contexts "that the illegal possession of a machinegun is a most serious matter." *United States v. Dalton*, 960 F.2d 121, 126 (10th Cir. 1992). Similarly, Gatewood argues that the allegations in the Indictment regarding his felon in possession of firearms charge "are not complex," [Doc. No. 19 at 4], but the Tenth Circuit has repeatedly emphasized that "[b]eing a felon in possession of a firearm is a serious offense" for Speedy Trial Act purposes. *United States v. Williams*, 576 F.3d 1149, 1158 (10th Cir. 2009); *see also United States v. Toombs*, 713 F.3d 1273, 1280 (10th Cir. 2013) (agreeing with the district court that a felon in possession of a firearm charge is a serious offense favoring dismissal without prejudice). The serious nature of these offenses weighs in favor of dismissal without prejudice.

The second factor—the facts and circumstances of the case that led to the dismissal—also weighs in favor of dismissal without prejudice. When considering this factor, courts "should focus 'on the culpability of the delay-producing conduct.'" *Saltzman*, 984 F.2d at 1093 (quoting *United States v. Hastings,* 847 F.2d 920, 925 (1st Cir. 1988)). "Where the delay is the result of intentional dilatory conduct, or a pattern of neglect on the part of the Government, dismissal with prejudice is the appropriate remedy." *Id.* at 1093–94. "Conversely," the Tenth Circuit has explained, a "defendant

4

who waits passively while the time runs has less claim to dismissal with prejudice than does a defendant who demands, but does not receive, prompt attention." *Id.* at 1094 (quoting *United States v. Fountain*, 840 F.2d 509, 513 (7th Cir. 1988)).

Here, the government explains that a "clerical error caused the government to inadvertently overlook the deadline to indict." [Doc. Nos. 23, 24 at 2]. This error was an isolated instance of negligence, and there is no evidence that the government acted in bad faith. Nor is there any indication that "the government attempted to gain or did gain a tactical advantage through delay." *United States v. Koerber*, 813 F.3d 1262, 1283 (10th Cir. 2016). In addition, neither defendant "assert[ed] his Speedy Trial Act rights until after the Act had been violated." *Williams*, 576 F.3d at 1158. Given these circumstances, a dismissal with prejudice would not be appropriate in this case.

Finally, the court must consider the impact a reprosecution of this case would have on the administration of the Speedy Trial Act and the administration of justice. Under this prong, the court "should consider, among other factors, whether the delay caused by the Government was intentional and the prejudice suffered by the defendant from the Act's violation." *Id.* at 1159. As discussed above, there is no evidence that the government caused this delay intentionally. Gatewood argues that he will be prejudiced by a dismissal without prejudice because that "will allow a second Indictment and a significant delay." [Doc. No. 19 at 4]. However, "the defendant has a burden under the Act to show specific prejudice other than that occasioned by the original filing." *Saltzman*, 984 F.2d at 1094. Defendants point to no specific prejudice, such as the "loss of a crucial witness or piece of evidence," that resulted from the 55-day delay after the time limit expired. *United*

5

*States v. Smith*, 705 F.3d 1268, 1273 (10th Cir. 2013). Although defendants were subject to conditions of release during this period, they were not detained in custody.

Jones-Lusk urges that "dismissing the case without prejudice takes away any deterrent effect of the sanction and makes § 3162(a)(1) effectively toothless." [Doc. No. 18 at 3]. The Supreme Court has rejected this exact argument. "Dismissal without prejudice is not a toothless sanction," as it "forces the Government to obtain a new indictment if it decides to reprosecute," "exposes the prosecution to dismissal on statute of limitations grounds," and "well may make reprosecution, even if permitted, unlikely." *United States v. Taylor*, 487 U.S. 326, 342 (1988). Indeed, the *Taylor* Court reasoned, "If the greater deterrent effect of barring reprosecution could alone support a decision to dismiss with prejudice, the consideration of the other factors identified in § 3162(a)(2) would be superfluous, and all violations would warrant barring reprosecution." *Id.* In this case, a dismissal without prejudice best serves the administration of justice and the Speedy Trial Act.

In sum, the Court concludes that each of the factors weighs in favor of dismissing this case without prejudice.

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART the Motion to Dismiss Indictment Pursuant to the Speedy Trial Act (18 U.S.C. § 3162(a)(1)) filed by Defendant DeWayne Jones-Lusk and the Motion to Dismiss Indictment with Prejudice filed by Defendant Jimmy Rogers Gatewood, Jr. [Doc. Nos.

18, 19] and DISMISSES the Indictment returned on August 7, 2024 [Doc. No. 17] WITHOUT PREJUDICE.

    IT IS SO ORDERED this 16th day of September 2024.

                                          JODI W. DISHMAN
                                          UNITED STATES DISTRICT JUDGE